IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES NORMAN UNVERZAGT, ) | Case No. 03-63089 |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE THE MARRIAGE OF: ) | Adversary No. 04-6040 |
| CHARLES NORMAN UNVERZAGT and ) | |
| PATRICIA A. UNVERZAGT, ) | |
| ) | |
| PATRICIA A. UNVERZAGT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| CHARLES NORMAN UNVERZAGT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The Chapter 7 trustee removed from the Circuit Court of Pulaski County, Missouri debtor Charles Unverzagt's Motion to Set Aside Judgment Order and Decree of Dissolution of Marriage. Charles' former wife, Patricia Unverzagt, objected to the removal and filed a motion to remand, or in the alternative, to abstain. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below I will abstain and remand this proceeding to the Circuit Court of Laclede County, Missouri.

## FACTUAL BACKGROUND

On June 21, 2002, the Circuit Court of Laclede County, Missouri entered a Judgment and Decree of Dissolution of Marriage (the Decree) that dissolved the marriage of Patricia and Charles, pursuant to the terms of a Marital Settlement and Separation Agreement (the Agreement). On June 16, 2003, Charles filed his motion in the Circuit Court of Pulaski County, Missouri to set aside the Decree. On December 17, 2003, before the state court ruled on his motion, Charles filed this Chapter 7 bankruptcy petition.

On June 11, 2004, the trustee removed Charles' motion to this Court. Patricia responded that this Court did not have jurisdiction over a state court dissolution proceeding and asked me to either remand or abstain. The trustee then sought to amend the "Complaint" to add a Count for fraudulent conveyance. On August 13, 2004, this Court held a hearing. At the hearing I granted Patricia's motion to stay discovery pending a ruling.

## DISCUSSION

The trustee contends that Charles and Patricia conspired to defraud their creditors by entering into a property settlement agreement that apportioned all of the assets to Patricia and all of the debt to Charles. He also contends that the dissolution was a sham, and that Charles and Patricia intended to remarry after Charles received a discharge. The trustee, therefore, argues that the Agreement is unfair and unconscionable and should be set aside. He also argues that such a conspiracy is an abuse of the bankruptcy process, and, as such, confers jurisdiction on this Court to decide Charles' motion to set aside the Decree. He

then seeks to amend the "Complaint" to add a Count to avoid the transfers to Patricia as fraudulent under section 544 of the Bankruptcy Code.

I will not reach the issue of whether the trustee can amend a removed motion, as I have no jurisdiction to decide this matter. In essence the trustee is asking me to set aside a divorce granted by the Circuit Court of Laclede County, Missouri. Subject matter jurisdiction is granted to federal courts by statute.[1] In *Portwood v. Young (In re Portwood)*,[2] the Bankruptcy Appellate Panel for the Eighth Circuit held that the Rooker-Feldman doctrine prohibits a bankruptcy court from deciding the validity of a state court dissolution proceeding.[3] The Rooker-Feldman doctrine evolved from two United States Supreme Court cases.[4] In *Feldman* the Supreme Court held that lower federal courts possess no power whatsoever to sit in direct review of state court decisions.[5] In *Rooker* the Supreme Court held that no court of the United States, other than the United States Supreme Court, could "entertain a proceeding to reverse or modify the judgment of

---

[1] *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).

[2] 308 B.R. 351 (B.A.P. 8th Cir. 2004).

[3] *Id.* at 355-56.

[4] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

[5] *Feldman*, 460 U.S. at 482, 103 S. Ct. at 1315.

a state court."[6] The Eighth Circuit holds that the Rooker-Feldman doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions."[7] Since I would have no jurisdiction to grant a divorce, I have no jurisdiction to set aside a divorce granted by a state court judge. The trustee claims that this alleged bankruptcy fraud converts what would otherwise be a dissolution proceeding into an adversary proceeding in the Bankruptcy Court. Yet any relief I might grant to the trustee would involve unraveling a dissolution and property settlement entered by the Circuit Court of Laclede County, Missouri.

Most recently the Eighth Circuit held that the Rooker-Feldman doctrine extends to federal issues that are inextricably intertwined with state court issues. In *Prince v. The Arkansas Board of Examiners in Psychology*,[8] a psychologist, facing ethics charges before the Arkansas Board of Examiners, entered into a settlement with the Board after lengthy litigation in the state court system. He then filed a 42 U.S.C. § 1983 suit in federal court asking, among other things, that the Board's prior decision be vacated and expunged. The district court granted a motion to dismiss the Complaint, holding that the Rooker-Feldman

---

[6] *Rooker*, 263 U.S. at 416, 44 S. Ct. at 150.

[7] *Lemonds v. St. Louis County, Missouri*, 222 F.3d 488, 492 (8th Cir. 2000), *Cert. Denied, Halbman v. St. Louis County*, 531 U.S. 1183, 121 S. Ct. 1168, 148 L. Ed. 2d 1026 (2001); *See also Snider v. City of Excelsior Springs, Missouri*, 154 F.3d 809, 811 (8th Cir. 1998).

[8] 2004 WL 1823417 (8th Cir. August 17, 2004).

doctrine deprived it of jurisdiction to hear claims that were inextricably intertwined with a state court judgment.[9] Federal claims are inextricably intertwined with a state court judgment when the relief sought, if awarded, would nullify the final judgment of a state court.[10] That is exactly the situation here. Were I to grant the trustee the relief he seeks, I would of necessity nullify the Judgment and Decree of Dissolution of Marriage and the attendant property settlement agreement. This I have no subject matter jurisdiction to do. Since I have no jurisdiction to decide this matter, I will abstain and remand this proceeding to the Circuit Court of Laclede County.

The trustee, as a representative of the bankruptcy estate, can protect the estate's interest by seeking to intervene in the state court proceeding.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: September 1, 2004

DAVID SCHROEDER TO SERVE PARTIES NOT RECEIVING ELECTRONIC NOTICE

---

[9] *Id.* at *1.

[10] *Id.* at *3.